BUCHALTER LLP
GABRIEL G. GREEN (SBN: 222445)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
Telephone: 213.891.0700
Facsimile: 213.896.0400
Email: ggreen@buchalter.com

YoungZeal LLP
Zhongyi Huang (*Pro Hac Vice*)
368 9th Ave, 09-103
New York, NY 10001
Email: Huang@yzlaw.com
Tel: (332) 301-2024

*Attorneys for Plaintiff* Shanghai Greatcare Trading & Developing Co. Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Shanghai Greatcare Trading & Developing Co. Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Lssx Inc.,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMET (15 U.S.C. §§ 1114, 1125(a))** |

Plaintiff Shanghai Greatcare Trading & Developing Co., Ltd. ("Plaintiff"), by and through the undersigned counsel, appears and alleges the following against Lssx Inc. ("Defendant") as follows:

## INTRODUCTION

1. This action arises from Defendant's unauthorized copying and commercial exploitation of Plaintiff's distinctive product trade dress and trademarks, together with Defendant's unauthorized use of Plaintiff's unique product identifier in Defendant's product description.

2. Plaintiff is the owner of two distinctive design marks, a sunflower design (Reg. No. 7737361) and a butterfly design (Reg. No. 7737360) (collectively, the "**Marks**")

| | |
|---|---|
|  Sunflower Design |  Butterfly Design |

3. The Marks have been registered for goods in international class 21, namely, barbecue mitts, car washing mitts, cleaning cloth, fly traps, gardening gloves, ice cream scoops, insect traps, light duty utility gloves, oven mitts ("**Class 21 Goods**").

4. Defendant has deliberately incorporated the Marks into its flying traps products on Amazon (the "**Infringing Product**"). Defendant names its Amazon store after the Plaintiff's U.S. importer, Mosqueda Imports LLC.




**Fig. 1 – The Accused Product**

5. Defendant has further used Plaintiff's unique product EAN number (6937959651264)[1] in connection with Defendant's own product listing and/or description.

6. Defendant's use falsely associates Defendant's product with Plaintiff and materially increases the likelihood that consumers will believe that Defendant's product originates with, is affiliated with, sponsored by, approved by, or otherwise connected to Plaintiff.

7. Defendant's conduct is likely to cause consumer confusion, mistake, and deception concerning the source, sponsorship, affiliation, approval, or origin of Defendant's products.

8. Plaintiff seeks injunctive relief, damages, Defendant's profits, appropriate enhanced and/or statutory remedies, corrective relief, attorneys' fees and costs where authorized, and such other relief as permitted by law.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action arises in substantial part under the Lanham Act, 15 U.S.C. §§ 1051 et seq. Plaintiff also invokes supplemental jurisdiction under 28 U.S.C. § 1367 over the related California-law claims arising from the same nucleus of operative facts.

10. This Court has jurisdiction over Plaintiff's claims for federal trademark infringement under 15 U.S.C. § 1114 and false designation of origin and trade-dress infringement under 15 U.S.C. § 1125(a).

11. Defendant is a corporation organized under the laws of California, with its principal place of business at 980 W Arrow HWY, Unit d, Upland, CA 91786-7408.

12. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

[1] EAN stands for European Article Number.

## THE PARTIES

13. Plaintiff, Shanghai Greatcare Trading & Developing Co., Ltd., is company organized and existing under the laws of People's Republic of China, with its principal place of business at Room A105, No. 680 Ling Shi Road, Zha Bei District, Shanghai, China 200070.

14. Plaintiff designs, manufactures, markets, distributes, and/or sells the Class 21 Goods under the Marks through its US importer, Mosqueda Imports LLC (the "**Importer**"), within the United States since 2020.

15. Plaintiff filed trademark applications for the Marks on June 18, 2024, which matured into registrations on March 25, 2025.

16. Plaintiff has continuously used the foregoing marks in commerce since at least 2020.

17. Plaintiff has invested substantial resources in developing, advertising, promoting, distributing, and selling its products under the marks and associated trade dress.

18. As a result of Plaintiff's use and promotion, consumers associate the marks and trade dress described below with Plaintiff and Plaintiff's products.

19. Defendant, Lssx, is a California incorporated entity, doing business in California and throughout the United States.

20. Defendant sells, advertises, markets, offers, and/or distributes products that compete with Plaintiff's products.

## I. FACTUAL ALLEGATIONS

21. Plaintiff is a manufacturer and exporter based in China. Plaintiff started to manufacture fly traps incorporating the Marks in China as early as 2016.

22. Since 2020, Plaintiff authorized the Importer to sell fly traps that incorporate the Marks within the United States. The Importer operates an Amazon store named JPMOS under the brand Landisun.

23. In November 2020, the Importer created an Amazon listing (SKU: JPM0075; ASIN: B08MZN1K2Y) in the JP Mos store to sell fly traps incorporating the Marks and sold the first product on November 18, 2020.




**Fig. 2 – Plaintiff's Sales Record**

24. Due to the success and popularity of the Marks, Plaintiff gradually expanded its product line. By May 1, 2024, the use of the Marks expanded to all Class 21 Goods.

25. Plaintiff sold substantial quantities of products bearing the Trade Dress and developed substantial goodwill and consumer recognition associated with it.

26. The designs of the Marks, considered individually where appropriate and collectively as a whole, are not functional. Plaintiff does not seek to monopolize functional features of the product.

27. On the other hand, Defendant is an entity incorporated on February 22, 2021, whose designated agent is an individual named Xiaojing Wu.

///

///

///

///


LSSX, INC (4703411)

Request Certificate

| | |
|---|---|
| Initial Filing Date | 02/22/2021 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | CALIFORNIA |
| Entity Type | Stock Corporation - CA - General |
| Principal Address | 980 W ARROW HWY, UNIT D UPLAND, CA 91786 |
| Mailing Address | 980 W ARROW HWY, UNIT D UPLAND,CA91786 |
| Statement of Info Due Date | 02/28/2027 |
| Agent | Individual XIAOJING WU 980 W ARROW HWY, UNIT D UPLAND, CA 91786 |

View History

Request Access

**Fig. 3 – Defendant's Filing Record on California Secretary of State**

28. Defendant deliberately branded the store under "Mosqueda," identical to the tradename of the Importer,[2] who confirmed that it had no connection with Defendant and never authorized Defendant to use the trade name.

29. On January 13, 2022, Defendant filed a trademark application for the "Mosqueda" mark. The application was refused on the principal register but was allowed to register on the supplemental register[3] on June 6, 2023.

30. Defendant even submitted a picture of the Plaintiff's product as its evidence of use to the USPTO to obtain the "Mosqueda" mark registration. The trademark attorney who handled Defendant's "Mosqueda" mark application was later suspended from practice for, among other reasons, his failure to exercise due diligence to verify declarations from his clients.

31. On information and belief, Defendant is controlled and operated by Chinese nationals, including but not limited to Xiaojing Wu. It applied to register the

[2] The Importer's owner is Juan Mosqueda, and Mosqueda Imports LLC is his family business.

[3] The USPTO examiner refused registration on the Principal Register because Mosqueda is a "well-known surname in the United States."

"Mosqueda" mark only to pass off as Plaintiff's authorized importer and free ride on the goodwill and reputation accumulated by Plaintiff and the Importer.

32. Defendant likely first offered the Infringing Product on Amazon around mid-2022, as the first customer review under this listing appeared on July 10, 2022.

33. As soon as Defendant inappropriately obtained trademark registration in mid-2023, it promptly registered the brand with Amazon's Brand Registry.

34. The similarity in products and Defendant's intentional passing off as the Plaintiff's authorized importer caused actual consumer confusion.

35. For example, one customer of Defendant complained about the inferior quality of the Infringing Product compared to the first order from July 2021. Plaintiff alleges on information and belief that the first order from July 2021 refers to the authorized genuine products offered by the Importer, because Defendant did not offer the Infringing Product on Amazon until mid-2022.




**Fig. 4 – Negative Review**

36. Defendant's unauthorized use of the Marks is likely to cause, and likely has caused, consumers to believe that Defendant's products are manufactured, sponsored, approved, licensed, affiliated with, or otherwise connected to Plaintiff.

37. Defendant also uses Plaintiff's EAN identifier (6937959651264) as the product identifier of the Infringing Product. Plaintiff did not authorize Defendant to use that identifier.

38. The identifier is uniquely associated in the marketplace with Plaintiff and/or Plaintiff's product.

39. Defendant's use of the identifier reinforces the misleading impression that Defendant's product is Plaintiff's product or is an authorized replacement, equivalent, affiliated product, or otherwise connected with Plaintiff.

40. Defendant's conduct caused and continues to cause confusion, diversion of customers, loss of sales, impairment of goodwill, loss of control over Plaintiff's reputation, and other economic and competitive injury.

41. Defendant's conduct is willful and intentional to the extent shown by its continued use of Marks, the trade name of the Importer, and product identifier.

42. Defendant's conduct enabled it to benefit commercially from Plaintiff's investment in the Marks as well as Plaintiff's reputation and goodwill.

43. Plaintiff has no adequate remedy at law for the continuing harm to its goodwill, reputation, and control over its intellectual property, and Defendant's continuing conduct threatens further irreparable injury.

**FIRST CAUSE OF ACTION**

**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

44. Plaintiff incorporates paragraphs 1 through 41.

45. Plaintiff owns valid and enforceable federally registered trademarks, including the Marks – a sunflower design (Reg. No. 7737361) and a butterfly design (Reg. No. 7737360).

46. Defendant, without Plaintiff's consent, used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark(s) in connection with the sale, offering for sale, distribution, and/or advertising of competing goods.

47. Defendant's use is likely to cause confusion, mistake, or deception concerning the source, origin, sponsorship, affiliation, or approval of Defendant's goods.

48. Defendant's conduct violates 15 U.S.C. § 1114.

49. Defendant's infringement damaged Plaintiff and entitles Plaintiff to the remedies authorized by the Lanham Act, including injunctive relief and, as appropriate, Defendant's profits, Plaintiff's damages, enhanced damages where authorized, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

50. Plaintiff incorporates paragraphs 1 through 49.

51. Plaintiff owns protectable rights in the Marks, which are distinctive and identify Plaintiff's products in the marketplace.

52. Defendant uses the Marks in commerce without authorization and in a manner to deceive as to the affiliation, connection, or association with Plaintiff or the Importer.

53. Defendant's use is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods.

54. Defendant's unauthorized use of Plaintiff's product identifier in its product description further contributes to the likelihood of confusion and manifests an intent to deceive.

55. Defendant's conduct constitutes false designation of origin and false description in violation of 15 U.S.C. § 1125(a).

**THIRD CAUSE OF ACTION**

**UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)**

56. Plaintiff incorporates paragraphs 1 through 55.

57. Defendant engaged in unlawful, unfair, and fraudulent business acts and

practices within the meaning of California Business and Professions Code § 17200.

58. The unlawful conduct includes, without limitation:

a. trademark infringement;

b. false designation of origin;

c. unauthorized use of Plaintiff's product identifier;

d. misleading representations concerning the source, affiliation, sponsorship, approval, or characteristics of Defendant's goods; and

e. other violations of law alleged herein.

59. The unlawful conduct is still ongoing and continues to violate the California Business and Professions Code § 17200.

60. Defendant's conduct is also unfair because it appropriates the commercial value of Plaintiff's intellectual property, goodwill, and investment while creating a likelihood of consumer confusion.

61. Defendant's conduct is fraudulent because it is likely to deceive the consuming public concerning the source, sponsorship, affiliation, approval, or origin of Defendant's products.

62. Plaintiff suffered actual loss of money as a result of Defendant's conduct.

63. Plaintiff is entitled to injunctive and restitutionary relief to the extent permitted by California law.

**FOURTH CAUSE OF ACTION**

**PASSING OFF (California Civil Code § 1770(a)(1))**

64. Plaintiff incorporates paragraphs 1 through 63.

65. Plaintiff owns superior rights in the Marks.

66. Defendant used Plaintiff's the Marks without authorization and Plaintiff's product identifier as a source identifier in connection with competing goods.

67. Defendant's conduct is likely to cause consumers to believe that Defendant's goods originate with, are sponsored by, are approved by, or are otherwise associated with Plaintiff.

68. Defendant's conduct constitutes passing off under California law.

69. Plaintiff has suffered and continues to suffer damage to its sales, goodwill, reputation, and economic interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to the relief authorized by 15 U.S.C. §§ 1116, 1117, and 1118, including injunctive relief, damages, Defendant's profits, destruction or modification of infringing materials, costs, and attorneys' fees where authorized. Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Enter a permanent injunction prohibiting Defendant and its officers, agents, servants, employees, attorneys, affiliates, and all persons acting in concert with Defendant from:

1. using Plaintiff's trademarks without authorization;
2. using Plaintiff's product identifiers in connection with Defendant's products;
3. representing or suggesting that Defendant's products originate with, are sponsored by, are approved by, or are affiliated with Plaintiff;
4. engaging in any other conduct likely to cause confusion concerning the source, sponsorship, affiliation, or approval of Defendant's products;

B. Order Defendant to remove infringing product listings, descriptions, advertisements, images, packaging, and other commercial materials containing Plaintiff's trademarks or product identifiers;

C. Order Defendant to deliver up for destruction or otherwise dispose of

infringing materials as authorized by applicable law;

D. Award Plaintiff its actual damages in an amount to be proven at trial;

E. Award Plaintiff Defendant's profits attributable to the unlawful conduct, subject to the limitations and standards applicable under the Lanham Act and California law;

F. Award enhanced damages to the extent authorized by applicable law;

G. Award such statutory damages as may be available under applicable law;

H. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

I. Award Plaintiff its costs of suit and reasonable attorneys' fees to the extent authorized by applicable law;

J. Award Plaintiff such corrective or other equitable relief as necessary to prevent further consumer confusion;

K. Retain jurisdiction as necessary to enforce any injunction entered in this action; and

L. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California Local Rule 38-1, Plaintiff demands a trial by jury on all issues so triable.

DATED: October 16, 2026 BUCHALTER LLP

By: ______________________

GABRIEL G. GREEN

Attorneys for Plaintiff Shanghai Greatcare Trading & Developing Co. Ltd.